IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SPENCER LYLE                                                                                    PLAINTIFF
#170753

v.                                    2:21-cv-00165-DPM-JJV

DOE                                                                                             DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.   DISCUSSION**

Spencer Lyle ("Plaintiff") is a convicted prisoner being held in the Arkansas County Detention Center. In December 2021, he sent the Court a one-paragraph letter that was filed as a *pro se* Complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1.) After careful review and consideration, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

1

Plaintiff says he has not received yard call for six months, but he does not clarify why or whether he is able to exercise inside of the jail. (Doc. 1.) Plaintiff also claims he is being exposed to black mold in the cells and showers that it is making him "sick." But he does not say how long he has been exposed to the mold or how it is making him ill. Finally, Plaintiff says there is sewage coming through the drain in the shower.

Because he is a convicted prisoner, Plaintiff's claims fall under the Eighth Amendment. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To plead a plausible Eighth Amendment claim, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, each defendant was deliberately indifferent to the risk of harm posed by the conditions. *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). The length of time a prisoner has been exposed to harmful conditions, as well as the extent of any injuries, are critical in determining whether the first factor has been satisfied. *Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

As it currently stands, the Complaint is vague on both matters. And, the second factor of deliberate indifference is "a stringent standard of fault" that is much higher than negligence. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). It requires facts indicating "a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). Plaintiff has not

---

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

named any Defendants or explained how any jail officials, through their own individual actions, were deliberately indifferent to the allegedly unconstitutional conditions he has endured. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, he has not plead a plausible claim for relief.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to do so. (Doc. 4.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired. And, although I previously warned Plaintiff that he must maintain a valid address with the Clerk, he has not done so. (Docs. 2, 5, 6.) Thus, it would be futile to grant him an extension of time to file an Amended Complaint.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[2] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 8th day of February 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE